# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                  Case No. 04-32662-WRS
                                                       Chapter 11
DORSEY TRAILER
COMPANY INC.,

      Debtor

## MEMORANDUM DECISION

      This Chapter 11 bankruptcy case came before the Court for hearing on November 30, 2004, upon the application of the Debtor to employ Focus Management Group USA, Inc., as a financial advisor and recovery consultant. (Doc. 37). The Bankruptcy Administrator objects to the application. (Doc. 52). The Debtor filed a response to the Bankruptcy Administrator's objection. (Doc. 57). On December 17, 2004, the Debtor amended its application to employ Focus Management Group. (Doc. 67).

      The Bankruptcy Administrator contends that Focus Management is an "insider" and therefore is not "disinterested" within the meaning of 11 U.S.C. § 327(a). An "insider" is defined as follows:

      "insider" includes–

          * * *

      (B) if the debtor is a corporation–

          (i) director of the debtor;
          (ii) officer of the debtor;
          (iii) person in control of the debtor;
          (iv) partnership in which the debtor is a general partner;
          (v) general partner of the debtor; or
          (vi) relative of a general partner, director, officer, or person in control of the debtor.

Focus Management has none of these kinds of relationships with the Debtor, therefore, it is not an insider. Next, the Court will consider whether Focus Management is disinterested. In the affidavit of Jeffrey Granter, a Principal with Focus Management, it is stated that:

> Focus was previously hired by the Debtor and served as a consultant to develop various administration and sale options for Dorsey Trailer Company, Inc. Focus, in the past, has been hired by SouthTrust Bank on matters wholly unrelated to the Debtor and the Debtor's estate.

(Doc. 37, Exhibit A, Para. 6). As Focus Management has forgone any claim for prepetition services, its previous relationship with Dorsey is not problematic. Moreover, its previous relationship with SouthTrust was unrelated to Dorsey. The Bankruptcy Administrator notes that SouthTrust is a large creditor. Plainly, the interests of SouthTrust and Dorsey are adverse and it would be inappropriate to represent both parties simultaneously.

The Bankruptcy Administrator's objection suggests, although it does not state directly, that Focus Management may feel constrained in its dealings with SouthTrust on behalf of Dorsey. SouthTrust is a large bank and is likely to be a presence in this State for many years to come, while Dorsey may ultimately go out of business. It could be argued that Focus Management may be reluctant to recommend action which could antagonize SouthTrust for fear of losing business or referrals in the future. This kind of conflict of interest is too attenuated to make Focus Management "disinterested" within the meaning of the Bankruptcy Code. Indeed, any professional who represents a small client against a large institution may have similar conflict. The Court will evaluate the actions taken by any professional who appears before it in

the context in which services are rendered. Given the representations made on the record here, the Court finds that Focus Management is disinterested within the meaning of § 327(a).

The Bankruptcy Administrator raises another concern as to the amount of the fees which may potentially be charged. Principals and senior consultants bill at a rate of $300.00 per hour. The Court will carefully review any application for professional fees and disallow any amounts which it finds are excessive. On the other hand where, as here, skilled and highly specialized services are needed to maximize the recovery for creditors, the Court expects to fairly compensate such professionals to attract the necessary talent. In the event the Bankruptcy Administrator, or any other party in interest, is of the view that any professional fees requested are excessive, they have the right to object to the application for professional fees. The Court will not reject, out of hand, a $300.00 per hour fee.

For these reasons, the Bankruptcy Administrator's objection to the application to employ Focus Management is OVERRULED and the application to employ is APPROVED.

Done this 13th day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Debtor
   Teresa R. Jacobs, Bankruptcy Administrator